## Hoehn v. Miller.

*Line-fences in cities — Repair of — Liability of adjoining owner—Act of April 14, 1905.*

1. There is no statute authorizing an adjoining land owner in a city to erect or repair a line-fence and charge the owner of the other adjoining property with half of a part of the cost, and in the absence of any express or implied promise to pay, the same cannot be recovered by suit.

2. The Act of April 14, 1905, P. L. 162, relating to line-fences does not apply in cities, but where it does apply, its provisions must be strictly followed.

Statutory demurrer. C. P. Lancaster Co., Aug. T., 1923, No. 97.

*B. F. Davis, Jr.*, for plaintiff; *John E. Malone*, for defendant.

HASSLER, J., April 18, 1925.—The plaintiff seeks in this case to recover from the defendant one-half of the cost of erecting a line-fence between their premises. He alleges in his statement that they own adjoining houses and lots on Rockland Street, this city; that the line-fence between them was dilapidated and unfit for use; that at various times he gave notice to the defendant to repair or rebuild her part of it, and upon her neglect or refusal to do so, he rebuilt it at a cost for the defendant's part of $41.47.

An affidavit of defence raising a question of law has been filed which questions the liability of the defendant to pay the amount claimed.

It does not appear in the statement that the defendant ever promised the plaintiff to erect the fence in question or that she ever said or did anything which could possibly be construed into a promise to pay or contribute anything towards the erection of the same. She is not liable, therefore, upon any express or implied promise to pay the amount claimed.

Our attention has not been called to, nor are we able to find, any statute authorizing one adjoining land owner in the city to erect a line-fence and charge the owner of the other adjoining property with part of the cost.

Nor is it alleged in the statement that there is any such act of assembly that authorized the plaintiff to erect the fence and charge the defendant with a portion of its cost. The Act of April 14, 1905, P. L. 162, provides for the erection of line-fences between properties in townships and boroughs, but not in cities. In all such cases, the proceedings provided in that act of assembly must be strictly followed. Even though that act applied to such fences in cities, the plaintiff cannot recover, because the provisions of the act were not followed. Nor does the plaintiff, according to his statement, seek to recover under its provisions or those of any other act of assembly. His claim is based on an implied promise of the defendant to pay, and as no facts showing such promise are alleged in the statement, the plaintiff cannot recover on his statement. We, therefore, decide the question of law raised in favor of the defendant and enter judgment for the defendant.

From George Ross Eshleman, Lancaster, Pa.